**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **K.H., E.H., and R.H.**

**No. 22-703** (Kanawha County 20-JA-305, 20-JA-306, and 20-JA-307)

**MEMORANDUM DECISION**

Petitioner Grandmother L.D.[1] appeals the Circuit Court of Kanawha County's July 26, 2022, order denying her motion to intervene in the underlying abuse and neglect proceedings.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

This is the second time petitioner has appealed the denial of a motion to intervene in the same underlying abuse and neglect proceedings. Without fully recounting the facts of the matter below, we note that petitioner previously appealed the circuit court's May 7, 2021, order denying her motion to intervene and request for placement of the children following the termination of the parents' parental rights.[3] *In re C.H., E.H., and R.H.*, No. 21-0463, 2021 WL 5179232, at *1 (W. Va. Nov. 8, 2021)(memorandum decision).[4] In the prior appeal, petitioner argued, among other things, that the court erred in finding that she was not statutorily entitled to intervene, failing to add her as a party to the proceedings, and making findings contrary to the grandparent preference statute. *Id.* at *1. We found, however, that none of the arguments had merit, and affirmed the court's order. *Id.* at *4.

---

[1]Petitioner appears by counsel Michael A. Davenport. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Brittany Ryers-Hindbaugh. Matthew Smith appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]Of the parents, only the mother appealed, and we affirmed the termination of her parental rights to the children. *See In re C.H., E.H., and R.H.*, No. 20-0917, 2021 WL 1550242 (W. Va. Apr. 20, 2021)(memorandum decision).

[4]In petitioner's prior appeal, the appendix record reflected child K.H.'s initials as C.H. However, the appendix record in the current matter reflects the initials K.H.

Following her prior appeal, petitioner filed another motion to intervene below, although she failed to include the motion in the appendix record on appeal. On July 13, 2022, the court held a hearing on petitioner's new motion to intervene. Based on the evidence, the court again found petitioner's testimony to be inconsistent and noted that it "has denied all previously filed [m]otions to [i]ntervene on behalf of the [p]etitioner." After noting that this Court affirmed the prior denial of petitioner's motion, the court concluded that there was no evidence "of a change in circumstances that warrants placement of the children in this matter into her care, custody, and control." Accordingly, the court denied petitioner's motion to intervene and directed that the children would remain in their current placements.[5] It is from this order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner simply reiterates her arguments from the prior appeal that the court erred in (1) finding that she has no statutory right of intervention, (2) failing to require the DHHR to name her as a party, and (3) making a finding contrary to the grandparent preference statute found in West Virginia Code § 49-4-114(a)(3).[6] We refuse to review these arguments anew, as petitioner is precluded from relitigating these issues.

As set forth above, this Court has already addressed the specific claims petitioner sets forth in this appeal. As we have explained,

> [t]he law of the case doctrine "generally prohibits reconsideration of issues which have been decided in a prior appeal in the same case, provided that there has been no material changes in the facts since the prior appeal, such issues may not be relitigated in the trial court or re-examined in a second appeal."

*State ex rel. Frazier & Oxley, L.C. v. Cummings*, 214 W. Va. 802, 808, 591 S.E.2d 728, 734 (2003) (citation omitted). Further, "consistent with these considerations, we have previously held, '[t]he general rule is that when a question has been definitively determined by this Court its decision is conclusive on parties, privies and courts, including this Court, upon a second appeal and it is regarded as the law of the case.'" *Id.* (citation omitted). Here, petitioner does not even attempt to argue that any material change in facts occurred between her two appeals. Accordingly, we decline to address petitioner's assignments of error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 26, 2022, order is hereby affirmed. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

---

[5]The permanency plan for the children is adoption in the current placement.

[6]In a section designated "Assignments of Error," petitioner's brief includes a fourth assignment of error. However, in the argument section of her brief, petitioner presents arguments in support of only three of her assignments of error. Accordingly, we decline to address this fourth assignment of error because petitioner provided no argument in support, in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.

Affirmed.

**ISSUED**: May 16, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn